United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jack Buckhorn and Anisa M. Thomsen as Trustees of Redwood Empire Electrical Workers Health and Welfare Trust Fund, et al., <br><br> Plaintiff(s), <br> v. <br><br> Mark A. Kneaper, individually and doing business as Kneaper Electric, et al., <br><br> Defendant(s). | NO. C 04-04818 JW <br><br> **ORDER GRANTING DEFAULT JUDGMENT** |

## I. INTRODUCTION

On November 12, 2004, Plaintiffs filed this complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 185, 1132, alleging that Defendant Mark A. Kneaper, individually and doing business as Kneaper Electric, violated a collective bargaining agreement by failing to make regular, timely contributions to the Plaintiff Trustees.[1]  The complaint sought contract damages, attorney's fees, costs, and injunctive relief.  On December 15, 2004, Defendant was served with the complaint.  (See Docket ## 1 & 3.)  Defendant failed to answer the complaint or otherwise defend the action.

On March 3, 2005, upon Plaintiffs' motion, the Clerk of this court entered Defendant's default under Rule 55(a).  (See Docket ## 5 & 6.)  By their default, Defendant is deemed to have admitted the

---

[1] The Court notes that Plaintiff's Complaint does not refer to Section 301 of the Labor Management Relations Act.

well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(d).

On April 20, 2005, Plaintiffs filed this Motion for Default Judgment pursuant to Rule 55(a) [sic] of the Federal Rules of Civil Procedure. (See Docket #12.)

On June 6, 2005, the Court held a hearing on Plaintiffs' motion. There was no appearance by the Defendant, nor, has the Defendant submitted an opposition to this motion. For the reasons set forth in this Order, the Court GRANTS default judgment to be entered in favor of plaintiff against Defendant as follows:

```
$88,475.63   unpaid contributions
$31,797.43   liquidated damages
$ 1,474.59   interests at 10% (1/1/05 to 3/1/05)
$ 5,346.25   attorney fees
$   223.00   costs
========     =========================
$127,316.90  TOTAL
```

## II. BACKGROUND

The facts of this case are as presented by Plaintiffs since Defendant has not responded to this action. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 185, 1132, and Section 301 of the Labor-Management Relations Act ("LMRA").[2] Plaintiffs Jack Buckhorn and Anisa M. Thomsen are Trustees and Fiduciaries of the Redwood Empire Electrical Workers Health and Welfare Trust Fund and Redwood Empire Electrical Workers Pension Trust Fund (hereinafter "Funds"). Plaintiffs allege that the Funds are Taft-Hartley funds as defined by 29 U.S.C. Section 186 and "employee pension benefit plans" as defined by 29 U.S.C. Section 1002(1)(2). Plaintiffs contend that Defendant Mark Kneaper, individually and doing business as Kneaper Electric, is an employer as defined by 29 U.S.C. Section 1002(5). (Complaint ¶¶ 3-4.)

Plaintiffs allege that Defendant entered into a collective bargaining agreement ("CBA")

---

[2]Again, the Court notes that the Complaint does not mention the LMRA but since the Complaint does allege a violation of the collective bargaining agreement, the Court assumes that the Plaintiffs are invoking the LMRA for enforcement.

2

1  covering the wages, hours, and conditions of employment of certain employees.  The CBA requires the
2  Defendant to make payments to certain Funds (Health and Welfare Trust, Pension Trust, Joint
3  Electrical Industry Training Program, National Employees Benefit Fund, and Work Recovery Fund)
4  for each hour worked by employees covered by the agreement.  The Pension and Health and Welfare
5  Trust Funds are authorized to collect monies due to said Trust Funds.  The agreement further provides
6  that such payments are to be made not later than the 15th day of each month following the month for
7  which payment is made.  The CBA also provides that the Defendant will abide by the terms of the
8  Trust documents establishing the Funds, as well as the rules and regulations adopted by the trustees.
9  (Complaint ¶¶ 6-7.)

10  Plaintiffs allege that the Defendant has failed to submit payments to the "Funds" for the months
11  of July, August, and September, 2004, and for the periods of October 1, 2004 to the present.  In
12  addition, Plaintiffs contend that pursuant to the CBA and Trust agreements, Defendant owe liquidated
13  damages for the months of September 2003 through September 2004, October 2004 through January
14  2005, and July 2004 through January 2005.  (Marshall Supp. Decl. Ex. B.)

15  Plaintiffs allege that such failure and refusal violate the collective bargaining agreement to
16  which Defendant is a party, the Trust Agreements and provisions governing the "Funds," and the
17  requirements of ERISA.  Pursuant to the collective bargaining agreement and the trust documents and
18  rules and regulations of the Funds, and pursuant to ERISA, there is now due and owning from
19  Defendant, principal contributions plus late payments at the rate of twenty percent (20%)[3] of the
20  amount due if the payment is not received by the 15th of the month following the month incurred.
21  (Complaint ¶ 8.)

22  In addition, Plaintiffs contend that pursuant to 29 U.S.C. § 1132(g)(2), and pursuant to the
23  terms of the collective bargaining agreement, Plaintiffs are entitled to recover reasonable attorneys
24  fees and costs.  (Complaint ¶ 9.)

---

[3]The Court notes that although Plaintiff's Complaint states: ". . . liquidated damages are assessed on late payments at the rate of 20% of the amount due if the payment is not received by the 15th of the month following the month incurred" (Complaint ¶ 8), both the Application for Default Judgment and Declaration of Jack Buckhorn claim only ten percent (10). (See Notice of Application for Default Judgement by Court and For Attorney's Fees Rule 55(b)(2) at 1, and Buckhorn Supp. At 2.)

3

## III. STANDARDS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Judgment by default may be entered by the Court. Fed. R. Civ. P. 55 (b)(2). Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)). The Court may conduct hearings or order such references as it deems necessary and proper in order to "determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter." Fed. R. Civ. P. 55 (b)(2).

In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV. DISCUSSION

The first two Eitel factors require that Plaintiffs' allegations state a claim upon which Plaintiffs may recover. Plaintiffs allege that Defendant violated § 515 of ERISA, 29 U.S.C. § 1145 by failing to make contribution payments for the period of September 2003 through September 2004, October 2004 through January 2005, and July 2004 through January 2005. Plaintiffs also allege that liquidated damages, interest, and attorneys fees are owed to Plaintiffs for the same period.

ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of a collective bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Plaintiffs' Complaint alleges all the prima facie elements for an ERISA violation: (1) the trust fund is a multiemployer plan as defined by 29 U.S.C. § 1002(1), (2); (2) Defendant is an employer obligated to pay contributions under the terms of the plan; (3)

4

Defendant failed to pay contributions in accordance with the plan.  Plaintiffs' Complaint plainly states the above contractual basis of Plaintiffs' action.  Therefore, this Court finds that Plaintiffs have stated a valid claim.

In an action to enforce payment of delinquent contributions, "the court shall award the plan—(A) the unpaid contributions, (B) interest on the unpaid contributions, (C)(I) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in the amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and cots. . . ." 29 U.S.C. § 1132(g)(2).  In the Ninth Circuit, to qualify for an award statutory liquidated damages, unpaid contributions must exist at the time the lawsuit was filed.  See Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, (9th Cir. 1989).  In addition, an award under Section 1132(g)(2) is appropriate based on the amount of contributions that were delinquent at the time of suit.  See Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 258 (9th Cir. 1996), (quoting Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr., Co., Inc., 767 F.2d 1170, 1175 (5th Cir. 1985)).

**A.     Damages, Liquidated Damages, and Interests**

Plaintiffs have the burden of proving its damages through testimony or written affidavits.  To prove Plaintiffs' damages, Plaintiffs submitted a Declaration from Jack Buckhorn ("Buckhorn") who is a Business Agent for the Redwood Empire Electrical Workers, and a trustee of the Health and Welfare, pension, and vacation Trust Fund, and a Declaration from Alice Marshall ("Marshall") who is an administrator of the Redwood Empire Workers Electrical Workers Trust Funds.  Buckhorn's declaration establishes that Mark A. Kneaper, individually and doing business as Kneaper Electric, signed a collective bargaining agreement with the Plaintiffs' Trust Funds on or about January 20, 2001.  (Buckhorn Supp. Decl. ¶ 2.)  The agreement provides in part that fringe benefits shall be paid to Plaintiffs' Trust Funds by the Defendant and that all payments shall be made on the 15th of the month following the month in which fringe benefits accrued.  If the payments are not paid by the 15th

5

1  of the month, liquidated damages are due in the sum equal to ten percent (10) of the principal amount.[4]

2  Marshall's declaration establishes that at the time of the filing of the action, the sum of $127,316.90

3  principal which includes liquidated damages, costs and attorney's fees, is now due and owning and

4  unpaid from the Defendant to Plaintiffs. (Marshall Supp. Decl. ¶ 3.) Marshall's declaration is

5  supported by multiple accounting statements proving the amount of delinquent payments. Accordingly,

6  the Court finds Plaintiffs entitled to damages as proven.

**B.     Attorney's Fees and Costs**

Plaintiffs seek attorney's fees and costs of suit as part of their action for collection of contributions. Plaintiffs' counsel fees came to $5,346.25 which represent 30.55 hours at the rate of $175.00 per hour. (Decl. of Sue Campell at 1.) This Court accepts that counsel's hourly rate is well within the norm for rates charged by lawyers of similar ability and experience in the Northern California area. Pursuant to 29 U.S.C. § 1132(g)(2)(D), the Court finds that Plaintiffs' claim for $5,346.25 in attorney's fees are reasonable given the work performed and therefore grants the full amounts.

Plaintiffs claim that they have incurred costs of $223.00, supported by the declarations of Sue Campbell and Alice Marshall. The Court also grants the full amount of costs.

**C.     Injunctive Relief**

Plaintiffs also seek injunctive relief in the form of an order enjoining and restraining Defendant, its officers, agents, successors, employees, attorneys and all those in active concert or participation with them from the conduct complained of herein. (Complaint ¶ 4:4-6.) However, Plaintiffs failed to address the basis for injunctive relief in its Memorandum of Points and Authorities in Support of Motion for Default Judgment. In its motion, Plaintiffs only demonstrate a desire to collect the contract damages, attorneys' fees, and costs, all of which will be secured with the entry of default. Since the Court enters the default judgment by this order, this Court sees no need to guaranteed Defendant's future compliance with its contractual obligations by means of an affirmative

---

[4] Marshall's Declaration states that "liquidated damages of 20% can be requested if it is necessary to file suit." In sum, Plaintiffs are requesting only 10% of liquidated damages even though 20% liquidated damages could have been requested for October 2004 through January 2005 as per the Trusts collection procedures. (Marshall Supp. Decl at 2.)

6

injunction.

## V. CONCLUSION

As Defendant Mark A. Kneaper, individually and doing business as Kneaper Electric, has not answered the complaint, Plaintiffs' Motion for Default Judgment is GRANTED. The default judgment to be entered in favor of Plaintiff against Defendant as follows:

```
$88,475.63    unpaid contributions
$31,797.43    liquidated damages
$ 1,474.59    interests at 10% (1/1/05 to 3/1/05)
$ 5,346.25    attorney fees
$   223.00    costs
========      ==========================
$127,316.90   TOTAL
```

Dated: June 6, 2005                    /s/ James Ware
                                       JAMES WARE
                                       United States District Judge

**United States District Court**
For the Northern District of California

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Sue Campbell suecampbell@att.net

4   **Dated: June 6, 2005**                    **Richard W. Wieking, Clerk**

5                                               **By:   /s/ JW Chambers**
                                                       **Ronald L. Davis**
6                                                      **Courtroom Deputy**